UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Susan Renee Morton,<br>Plaintiff,<br><br>v.<br><br>Rock City Mechanical Company, LLC,<br>Defendant. | CASE NO.:  ___2:19-cv-1423-DCN-BM___<br><br><br>**COMPLAINT** |

**JURISDICTION AND PARTIES**

1.     This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2.     All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

a.  A charge of employment discrimination on basis of gender discrimination and sexual harassment was filed with Equal Employment Opportunity Commission ("EEOC").

b.  Notification of the Right to Sue was received from the EEOC on or about February 27, 2019.

c.  This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3.     Plaintiff, Susan Renee Morton, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4.     All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

5.     The Defendant, Rock City Mechanical Company, LLC, upon information and belief, is a foreign corporation organized in Tennessee and operating under the laws of the State of South Carolina.

6.     The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7.     The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.    The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.    The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

11.    Plaintiff began working for Defendant on or about December 27, 2017 as a welder.  At all times, Plaintiff was efficient and effective in her work.

12.    Beginning on or about December 27, 2017, a coworker, John Hudson, asked Ms. Morton out.  Ms. Morton told him no, and he stated "he would pay for it".  Ms. Morton again told him no.

13.    The Plaintiff was subjected to continual sexual harassment by Mr. Hudson.   Mr. Hudson began sending inappropriate pornographic photos to Ms. Morton via text message.

14.    Plaintiff repeatedly reported the sexual harassment to Defendant's supervisor, Scott Shiner.

15.    Mr. Shiner ignored the reports of the Plaintiff and told her words to the effect that she was in a male dominated industry and not to worry about it.

16.    Plaintiff was subjected to gender discrimination by Defendant, when he told her she was in a male dominated industry and not to worry about it.

17.    Ms. Morton ultimately showed the pictures to Mr. Shiner.

18.    Mr. Hudson was terminated on January 29, 2019 from his employment with Defendant.

19.    On or about January 29, 2019, Defendant Foreman, Craig Bowman, told Ms. Morton that she didn't know how to weld, even though there had never been a problem with her welds before.

20.    On or about January 31, 2019, Mr. Bowman tried to say that Ms. Morton was late, even though she was there at 6:30 a.m. on time for work, and on February 1, 2019, Mr. Bowman was standing out front at 6:30 a.m. to make sure Ms. Morton was on time.  Although a number of men had been late before, Mr. Bowman was there specifically to watch her and single her out.

21.    Plaintiff was subjected to intimidation and harassment causing a hostile work environment by Defendant when her coworkers stopped talking to her and started making comments like "that was some stupid shit to do to someone" referring to the reporting of the sexual harassment.

22.     Coworkers started spreading untrue rumors about her.  For example, Plaintiff's coworkers started asking her about drugs being sold and asking her to get ahold of drugs for them, even though Ms. Morton did not do drugs or sell them.

23.     Plaintiff was subsequently taken out of the position she was working and was demoted, along with being laid off.

24.     Plaintiff's demotion of her position and being laid off was pretextual in nature and was in reality, retaliation for reporting the sexual harassment and gender discrimination of Mr. Hudson.

25.     Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the Equal Employment Opportunity Act, Plaintiff was subjected to adverse terms and conditions by the Defendants causing a hostile work environment.

26.     The Defendant created a hostile work environment by allowing the severe and pervasive harassment to continue after the Plaintiff's complaints of harassment and discrimination

27.     The Plaintiff was subjected to severe and pervasive sexual harassment and discrimination based on her gender, which created a hostile work environment.

28.     As a direct and proximate result of the acts and practices of Defendant in creating a hostile environment in the workplace, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and other past and future losses.

29.     The Plaintiff was subjected to retaliation when she was demoted and laid off for reporting complaints of sexual harassment and gender discrimination.

30.     Plaintiff satisfactorily performed her essential and fundamental job functions as well as other positions and was an exemplary employee in all respects.  Upon reporting the detrimental treatment, sexual harassment and discrimination based on her sex, Plaintiff was terminated from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the Equal Employment Opportunity Act.

31.     That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the Equal Employment Opportunity Act.

32.     Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

33.     That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

34.     Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

35.     Upon information and belief, the company fired the Plaintiff in an effort to foreclose the sexual harassment and gender discrimination complaints of the Plaintiff.

## FOR A  FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION
### (Sexual Harassment)

36.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37.     The Plaintiff is a member of a protected class due to her gender.

38.     Plaintiff had a satisfactory job performance while she worked for the Defendant.

39.     The Defendant, as the Plaintiff and the harasser's employer were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

      a.  In permitting visual and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

      b.  In continually allowing the perpetrator to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner;

      c.  In demoting and laying off the Plaintiff for reporting sexual harassment in the workplace;

40.     That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered injuries, both physical and mental.

41.     That in failing to protect the Plaintiff from sexual harassment and preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the Equal Employment Opportunity Act.

42.     The Defendant's actions were severe, pervasive and unwelcome to the Plaintiff. Defendant's actions constituted an abusive working environment which were on account of Plaintiff's sex.

43.     The Plaintiff's complaints of sexual harassment were a determining factor in the wrongful discharge of the Plaintiff.  But for the Plaintiff's complaints of sexual harassment, she would not have been demoted and laid off.

44.     As a direct and proximate result of the Defendant's termination on the basis of complaints of sexual harassment in the workplace, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

45.     The Defendant's employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

46.     As a direct and proximate result of the acts and practices of the Defendant in the termination of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation and other past and future losses.

47.     Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits lost wages, loss of front pay, back pay and other work benefits, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION
### (Gender Discrimination)

48. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

49.     Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

50.     Plaintiff had a satisfactory job performance while she worked for the Defendant.

51.     Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender and sex (female).

52.     Defendant was wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

      a.  In failing to continue to employ Plaintiff due to her gender and sex (female);

      b.  In demoting and laying off Plaintiff due to her gender and sex (female)

      c.  In demoting and laying off Plaintiff for filing reports of the gender discriminations and inappropriate behaviors.

53.     That in failing to protect Plaintiff from sex and/or gender discrimination, or preferential treatment, Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and Equal Employment Opportunity Act.

54. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing the sex and/or gender discrimination and preferential treatment to exist in the workplace.

55. As a direct and proximate result of Defendant's discrimination on the basis of sex and/or gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

56. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

57. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

58. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### (Retaliation)

59. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

60. That as alleged above, plaintiff complained to the Defendant on several occasions about gender discrimination and sexual harassment.

61. That Plaintiff's complaints were made in good faith, and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

62. That shortly after making said complaints, the Defendant demoted and laid off the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

63. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

64. The Plaintiff's reports of gender discrimination and sexual harassment were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff' reports of gender discrimination and sexual harassment, she would not have been demoted and laid off.

65. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

66. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

67.     In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

68.     The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

69.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

70.     That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A FOURTH CAUSE OF ACTION
### (Hostile Work Environment)

71.     Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

72.     Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

73.     The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff.  The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing a hostile work environment to exist in the workplace.

74.     The Defendant was wanton, reckless and intentional in the discrimination and treatment of the Plaintiff by creating a hostile work environment.

75.     That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

76.     As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## REQUEST FOR RELIEF

77.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

78.     Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

79.     That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.     Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2.     Prejudgment interest, costs and attorneys fees as may be allowed by law;

3.     Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned such amount to be determined by the trier of fact;

4.     Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.     Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.     Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

s/ *Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
Wigger Law Firm, Inc.
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
May 15, 2019